Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| JOSEPH ROBINSON and JENNIFER ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS; TRANSUNION LLC; EQUIFAX INFORMATION SERVICES LLC; ROCKY MOUNTAIN RECOVERY SYSTEMS, Inc.; and JOHN DOES 1-10,<br><br>Defendants. | Cause No.: _____<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Joseph Robinson, and bring this cause of action for violations of the Fair Credit Reporting Act.

1

## PARTIES

1. Plaintiffs are residents of Flathead County, Montana.

2. Defendant Experian Information Solutions (Experian) is a foreign corporation duly authorized to do business in the State of Montana.

3. Defendant TransUnion LLC (TransUnion) is a foreign corporation duly authorized to do business in the State of Montana.

4. Defendant Equifax Information Services LLC (Equifax) is a foreign corporation duly authorized to do business in the State of Montana.

5. Defendant Rocky Mountain Recovery Systems, Inc., (RMRS) is a foreign corporation duly authorized to do business in the State of Montana.

## VENUE AND JURISDICTION

6. Experian, TransUnion and Equifax are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. RMSR is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

Defendants are also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

7. Venue is proper in the Missoula Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiffs reside in, and Defendants do business in the Missoula Division.

## FACTS

8. Plaintiff is currently a resident Flathead County, Montana.

9. On or about February 5, 2021, Plaintiff Joseph Robinson received care from Mary Fleming at Logan Health in Kalispell, Montana. The bill for services was originally billed as owing to EPIC Emergency Physicians Integrated Logan Health.

10. At the time of receiving the Services, Mr. Robinson had health care coverage through the Veterans Administration (VA), and all of his costs were covered by the VA.

11. After the services, on or about February 19, 2021, a claim was filed with TriWest, the administrator for the VA. The initial claim was denied because it was sent to the wrong address. A corrected claim was ultimately provided.

12. Nevertheless, the debt to Lo was turned over to Mountain Land Systems, a debt collector. The debt was then assigned to Defendant Rocky Mountain Recovery Systems, Inc., on or about October 28, 2021.

13. On or about February 9, 2023, RMRS filed a complaint against the Robinsons in the Montana Eleventh Judicial District Court, Flathead County, Montana, Cause No. 16-2023-0000178, to collect the debt allegedly owed originally to Dr. Fleming.

14. RMSR ultimately obtained a default judgment March 28, 2023, for the alleged debt owed to Dr. Fleming. The Robinsons tried multiple times to set aside the default judgment.

15. In their motions, they explained the billing error made by Dr. Fleming, and that the bill had ultimately been paid by TriWest.

16. During this time, the Robinsons were also disputing the debt with Experian, Equifax, and Trans Union. Those disputes occurred on or about January 7, 2022; January 24, 2022, October 13, 2022, and lastly on January 18, 2023.

17. After each of the disputes in 2022, on information and belief, the credit reporting agencies would correct the error. But each time the error was corrected, the credit reporting agencies would reinsert the debt upon receiving another report from RMSR.

18. In particular, on November 14, 2022, the Plaintiffs credit reports were showing a debt owed to RMSR. This inaccuracy triggered the January 18, 2023, dispute to each of the credit reporting agencies.

19. In response to the January 18, 2023, dispute, which identified the particular billing errors with Dr. Fleming and the VA, the credit reporting agencies did not correct the reports to reflect that the debt was not due and owing.

20. On information and belief, upon receiving the January 18, 2023, dispute the credit reporting agencies transmitted the dispute to RMSR, which verified – without basis – that the debt was in fact owed.

21. The debt continued reporting on the Robinsons credit reports until, on information and belief, August 2023.

22. At that time, on or about August 31, 2023, RMSR sent a letter to the Robinsons advising them that the account had been fulfilled, and all collection efforts would stop.

23. A few days later, on or about August 6, 2023, the Robinsons were sent a letter from Mountain Land Collections, advising that the debt to Dr. Fleming was "placed for collections in error."

24. It was only after these documents were sent to the Robinsons, that the credit reporting errors remained. As a result, the wrongful credit reporting continued for multiple years. And, relevant here, it remained for approximately 6 months after the January 18, 2023, dispute.

25. Defendants' actions have damaged the Robinsons. The continued incorrect reporting of their accounts from January 18, 2023, to August/September has damaged their credit reputations.

26. The Robinsons' damages also include an increased interest rate that they pay on their mortgage as a result of the negative credit reporting.

27. The Robinsons' damages further include, but are not limited, lost time and income, expenses of sending certified mail, and emotional distress and mental anguish.

## *CAUSES OF ACTION RMSR*

### **Count One – Montana Consumer Protection Act**

28. The preceding paragraphs are realleged as though set forth in full hereunder.

29. Plaintiffs are "consumers" under the MCPA.

30. RMSR was engaged in "trade or commerce."

31. RMSR's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA, and Admin. R. M. 23.19.101. They include, but are not limited to,

   a. Filing suit to collect a debt that was not owed by the Robinsons.

   b. Representing to the District Court that the Plaintiffs were indebted to RMSR, when they were in fact not so indebted.

6

32. As a result of RMSR's actions, the Robinsons suffered an ascertainable loss of money or property, including the lost time, costs of postage and incidental damages, and damage to their credit score.

33. RMSR is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees.

### Count Two – Negligent and/or Willful Violations of the Fair Credit Reporting Act

34. The preceding paragraphs are realleged as though set forth in full hereunder.

35. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

36. Following January 18, 2023, dispute by the Plaintiffs, Experian, TransUnion and Equifax conveyed the Robinsons' disputes to RMSR by computer or otherwise. RMSR failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the RMSR accounts.

37. RMSR is liable to the Robinsons for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## *CAUSES OF ACTION AGAINST EXPERIAN, TRANSUNION AND EQUIFAX*

### Count Three - Violations of the Fair Credit Reporting Act

38. The preceding paragraphs are realleged as though set forth in full hereunder.

39. Defendants Experian, TransUnion and Equifax (the CRAs) have violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiffs' disputes of the inaccurate RMSR reporting on their credit reports, despite abundant proof provided by Plaintiff accompanying the dispute correspondence.

40. The CRAs also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiffs.

41. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the CRAs actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiffs to recovery for their actual damages as well as attorneys' fees and costs. In addition, the CRAs actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

42. The CRAs also maliciously and/or willfully defamed the Plaintiffs by their continued publications of the erroneous and derogatory information to third parties after it knew or should have known that RMSR was incorrectly reporting the debt.

43. The CRAs' actions and omissions are evidence of their recklessness, gross negligence, and wanton disregard for the Plaintiffs' rights, personal and financial safety, credit reputation and good name, as well as their emotional well-being.

## *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

### Count Four – Punitive Damages

44. The preceding paragraphs are realleged as though set forth in full hereunder.

45. As a result of Experian, TransUnion, Equifax and RMSR's violations of the Fair Credit Reporting Act and their malicious defamations of the Plaintiffs' good names, the Plaintiffs are entitled to an award of punitive damages under the FCRA.

46. All Defendants acted with actual fraud and actual malice towards the Robinson as laid out hereinbefore. The facts warrant punitive damages under §§ 27-1-220 and -221, Mont. Code Ann.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1. For actual damages;

2. For attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Mont. Code Ann. § 30-14-133.

3. For treble damages pursuant to § 30-14-133, Mont Code Ann.

4. For punitive damages, pursuant to 15 U.S.C. 1681n and Mont. Code Ann. §§

5. For any applicable statutory damages; and,

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

DATED this 17th day of January, 2025.

> By: /s/ Robert Farris-Olsen
> Robert Farris-Olsen
> Morrison, Sherwood, Wilson & Deola PLLP
> *Attorneys for Plaintiff*