Daniel Auerbach
Emily M. McCulloch
BROWNING, KALEZYC, BERRY & HOVEN, P.C.
201 West Railroad St., Suite 300
Missoula, MT 59802
daniel@bkbh.com
emily@bkbh.com
T: 406.728.1694
F: 406.728.5475

Myra D. Feagin, Esq. (admitted *Pro Hac Vice*)
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
mfeagin@qslwm.com
T: 317-497-5600, Ext. 607
F: 317-899-9348

*Counsel for Defendant Trans Union LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| JOSEPH ROBINSON and JENNIFER ROBINSON,<br>         Plaintiffs,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTOINS; TRANSUNION LLC; EQUIFAX INFORMATION SERVICES LLC; ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.; and JOHN DOES 1-10;<br>         Defendants. | Case No. 9:25-cv-00012-KLD<br><br>**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

COMES NOW Plaintiff, Joseph Robinson, and bring this cause of action for violations of the Fair Credit Reporting Act.

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

1. Plaintiffs are residents of Flathead County, Montana.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. Defendant Experian Information Solutions (Experian) is a foreign corporation duly authorized to do business in the State of Montana.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3. Defendant TransUnion LLC (TransUnion) is a foreign corporation duly authorized to do business in the State of Montana.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant Equifax Information Services LLC (Equifax) is a foreign corporation duly authorized to do business in the State of Montana.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.     Defendant Rocky Mountain Recovery Systems, Inc., (RMRS) is a foreign corporation duly authorized to do business in the State of Montana.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## VENUE AND JURISDICTION

6.     Experian, TransUnion and Equifax are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. RMSR [sic] is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq.* Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.  Defendants are also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans

Union denies the remaining allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

7. Venue is proper in the Missoula Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA, in that the Plaintiffs reside in, and Defendants do business in the Missoula Division.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS

8. Plaintiff *[sic]* is currently a resident Flathead County, Montana.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. On or about February 5, 2021, Plaintiff Joseph Robinson received care from Mary Fleming at Logan Health in Kalispell, Montana. The bill for services was originally billed as owing to EPIC Emergency Physicians Integrated Logan Health.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. At the time of receiving the Services, Mr. Robinson had health care coverage through the Veterans Administration (VA), and all of his costs were covered by the VA.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. After the services, on or about February 19, 2021, a claim was filed with TriWest, the administrator for the VA. The initial claim was denied because it was sent to the wrong address. A corrected claim was ultimately provided.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. Nevertheless, the debt to Lo was turned over to Mountain Land Systems, a debt collector. The debt was then assigned to Defendant Rocky Mountain Recovery Systems, Inc., on or about October 28, 2021.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. On or about February 9, 2023, RMRS filed a complaint against the Robinsons in the Montana Eleventh Judicial District Court, Flathead County,

Montana, Cause No. 16-2023-0000178, to collect the debt allegedly owed originally to Dr. Fleming.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.   RMSR [sic] ultimately obtained a default judgment March 28, 2023, for the alleged debt owed to Dr. Fleming. The Robinsons tried multiple times to set aside the default judgment.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.   In their motions, they explained the billing error made by Dr. Fleming, and that the bill had ultimately been paid by TriWest.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.   During this time, the Robinsons were also disputing the debt with Experian, Equifax, and Trans Union. Those disputes occurred on or about January 7, 2022; January 24, 2022, October 13, 2022, and lastly on January 18, 2023.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. After each of the disputes in 2022, on information and belief, the credit reporting agencies would correct the error. But each time the error was corrected, the credit reporting agencies would reinsert the debt upon receiving another report from RMSR [sic].

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. In particular, on November 14, 2022, the Plaintiffs credit reports were showing a debt owed to RMSR [sic]. This inaccuracy triggered the January 18, 2023, dispute to each of the credit reporting agencies.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19. In response to the January 18, 2023, dispute, which identified the particular billing errors with Dr. Fleming and the VA, the credit reporting agencies did not correct the reports to reflect that the debt was not due and owing.

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. On information and belief, upon receiving the January 18, 2023, dispute the credit reporting agencies transmitted the dispute to RMSR [sic], which verified — without basis — that the debt was in fact owed.

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. The debt continued reporting on the Robinsons credit reports until, on information and belief, August 2023.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22. At that time, on or about August 31, 2023, RMSR [sic] sent a letter to the Robinsons advising them that the account had been fulfilled, and all collection efforts would stop.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. A few days later, on or about August 6, 2023, the Robinsons were sent a letter from Mountain Land Collections, advising that the debt to Dr. Fleming was "placed for collections in error."

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. It was only after these documents were sent to the Robinsons, that the credit reporting errors remained. As a result, the wrongful credit reporting continued for multiple years. And, relevant here, it remained for approximately 6 months after the January 18, 2023, dispute.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies that it violated the FCRA (or any other law).

25. Defendants' actions have damaged the Robinsons. The continued incorrect reporting of their accounts from January 18, 2023, to August/September has damaged their credit reputations.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. The Robinsons' damages also include an increased interest rate that they pay on their mortgage as a result of the negative credit reporting.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27. The Robinsons' damages further include, but are not limited, lost time and income, expenses of sending certified mail, and emotional distress and mental anguish.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### *CAUSES OF ACTION RMSR*

### Count One - Montana Consumer Protection Act

28. The preceding paragraphs are realleged as though set forth in full hereunder.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

29. Plaintiffs are "consumers" under the MCPA.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30. RMSR [sic] was engaged in "trade or commerce."

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.     RMSR's [sic] acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA, and Admin. R. M. 23.19.101. They include, but are not limited to,

    a.     Filing suit to collect a debt that was not owed by the Robinsons.

    b.     Representing to the District Court that the Plaintiffs were indebted to RMSR [sic], when they were in fact not so indebted.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.     As a result of RMSR's [sic] actions, the Robinsons suffered an ascertainable loss of money or property, including the lost time, costs of postage and incidental damages, and damage to their credit score.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.     RMSR [sic] is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations

asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Count Two - Negligent and/or Willful Violations of the Fair Credit Reporting Act

34. The preceding paragraphs are realleged as though set forth in full hereunder.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

35. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681 s (2)(B).

**ANSWER:** Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

36. Following January 18, 2023, dispute by the Plaintiffs, Experian, TransUnion and Equifax "conveyed the Robinsons' disputes to RMSR [sic]by computer or otherwise." RMSR [sic] failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the RMSR [sic] accounts.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. RMSR [sic] is liable to the Robinsons for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### *CAUSES OF ACTION AGAINST EXPERIAN, TRANSUNION AND EQUIFAX*

### Count Three - Violations of the Fair Credit Reporting Act

38. The preceding paragraphs are realleged as though set forth in full hereunder.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

39. Defendants Experian, TransUnion and Equifax (the CRAs) have violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiffs' disputes of

the inaccurate RMSR [sic] reporting on their credit reports, despite abundant proof provided by Plaintiff accompanying the dispute correspondence.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. The CRAs also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiffs.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Pursuant to 15 U.S.C. § 16810 of the Fair Credit Reporting Act, the CRAs actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiffs to recovery for their actual damages as well as attorneys' fees and costs. In addition, the CRAs actions in willfully violating the Fair Credit Reporting Act

entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42. The CRAs also maliciously and/or willfully defamed the Plaintiffs by their continued publications of the erroneous and derogatory information to third parties after it knew or should have known that RMSR [sic] was incorrectly reporting the debt.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. The CRAs' actions and omissions are evidence of their recklessness, gross negligence, and wanton disregard for the Plaintiffs' rights, personal and financial safety, credit reputation and good name, as well as their emotional well-being.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

***CAUSES OF ACTION AGAINST ALL DEFENDANTS***
**Count Four - Punitive Damages**

44.   The preceding paragraphs are realleged as though set forth in full hereunder.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

45.   As a result of Experian, TransUnion, Equifax and RMSR's [sic] violations of the Fair Credit Reporting Act and their malicious defamations of the Plaintiffs' good names, the Plaintiffs are entitled to an award of punitive damages under the FCRA.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. All Defendants acted with actual fraud and actual malice towards the Robinson as laid out hereinbefore. The facts warrant punitive damages under §§ 271-220 and -221, Mont. Code Ann.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1. For actual damages;
2. For attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Mont. Code Ann. § 30-14-133.
3. For treble damages pursuant to § 30-14-133, Mont Code Ann.
4. For punitive damages, pursuant to 15 U.S.C. 1681n and Mont. Code Ann. §§
5. For any applicable statutory damages; and,
6. For such other and further relief as the Court deems just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

DATED this 12th day of February, 2025.

       BROWNING, KALECZYC, BERRY & HOVEN, P.C.

       By /s/ *Daniel J. Auerbach*
        Daniel J. Auerbach, Esq.

        -and-

       QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.

       By /s/ *Myra D. Feagin*
        Myra D. Feagin, Esq. *(admitted Pro Hac Vice)*

       *Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2025, a true copy of the foregoing was served:

Via ECF to the following parties:

Robert Farris-Olsen, Esq.
Morrison, Sherwood, Wilson & Deola, PLLP
401 N. Last Chance Gulch
Helena, MT 59624
rfolsen@mswdlaw.com


    /s/ Daniel J. Auerbach
BROWNING, KALECZYC, BERRY & HOVEN, P.C.